FILED

2013 FEB -5 PM 1:02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LETHA MONTEMAYOR TUCKER,<br>  aka "Butterfly,"<br><br>    Defendant. | No. CR 13 00078<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2251(a), (d):<br>Conspiracy to Produce and<br>Production of Child Pornography;<br>18 U.S.C. § 371: Conspiracy;<br>18 U.S.C. §§ 1591(a)(1), (b)(1):<br>Sex Trafficking of Children] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

1. At all times relevant to this Indictment:

    a. Defendant LETHA MONTEMAYOR TUCKER, also known as "Butterfly" ("TUCKER"), lived in a residential hotel in Los Angeles County, within the Central District of California.

    b. Defendant TUCKER worked as a prostitute. Defendant TUCKER would bring her "clients" to her room at the residential hotel.

    c. Between in or about 2000 and in or about 2001, victim J.M.M. lived in the same residential hotel as defendant TUCKER.

Victim J.M.M. was born in 1988 and was 11-13 years old between 2000 and 2001.

   d.   Between in or about 2000 and in or about 2001, victim J.M.M. would visit defendant TUCKER in defendant TUCKER's room at the residential hotel, and victim J.M.M. would sometimes spend the night there. Defendant TUCKER regularly smoked crack cocaine in victim J.M.M.'s presence, and defendant TUCKER provided victim J.M.M. with crack cocaine to smoke.

   e.   Between in or about 2000 and in or about 2001, victim J.M.M. stopped attending school regularly. Instead, victim J.M.M. spent more and more time with defendant TUCKER in defendant TUCKER's room, smoking crack cocaine provided by defendant TUCKER.

   f.   When police would visit the residential hotel where defendant TUCKER resided, defendant TUCKER would instruct victim J.M.M. to lie about her age and claim to be over 18 years old, so that defendant TUCKER would not get in trouble for providing illegal drugs to a minor. Defendant TUCKER would calculate what fake birthdate victim J.M.M. should provide to the police to make it appear that victim J.M.M. was over 18 years old.

   g.   Victim J.M.M. was sometimes present when defendant TUCKER engaged in prostitution with adult male "clients" in defendant TUCKER's room. On these occasions, victim J.M.M. was usually high on crack cocaine provided to her by defendant TUCKER.

   h.   Defendant TUCKER would instruct victim J.M.M. to take off her clothes, so that her prostitution clients could see victim J.M.M. naked. Defendant TUCKER and the adult male prostitution clients would masturbate victim J.M.M. on her genitals, and victim J.M.M. would be instructed by defendant TUCKER to masturbate the

adult male prostitution clients on their genitals. Victim J.M.M. was not given money for these commercial sex acts, but defendant TUCKER continued to ply victim J.M.M. with crack cocaine.

      i.    In or about May 2001, when victim J.M.M. was approximately 12 years old, defendant TUCKER contacted one of her clients via telephone. This client is an adult male whose true identity is not known to the Grand Jury, but is referred to herein as "John Doe." Defendant TUCKER asked John Doe if he would be interested in having sex with victim J.M.M. in exchange for money. John Doe agreed.

      j.    Defendant TUCKER brought victim J.M.M. to John Doe's residence. Together, defendant TUCKER and John Doe engaged in sexual activity with victim J.M.M., including oral sex, masturbation, and vaginal intercourse.

      k.    Defendant TUCKER and John Doe took photographs of this sexual encounter with victim J.M.M. Some of the photographs depict defendant TUCKER engaged in sexually explicit activity with victim J.M.M., while some of the photographs depict John Doe engaged in sexually explicit activity with victim J.M.M.

      l.    In or about 2007, these photographs were discovered on a computer located in Chicago, Illinois. Subsequently, photographs of victim J.M.M. engaged in sexual activity with defendant TUCKER and John Doe have been discovered on hundreds of computers across the United States. In these photographs, defendant TUCKER's face is clearly visible and victim J.M.M.'s face is clearly visible. However, John Doe's face has been blacked out of these photographs.

COUNT ONE

[18 U.S.C. §§ 2251(a), (d)]

A. INTRODUCTORY ALLEGATIONS

1. The Grand Jury realleges and incorporates herein by reference the Introductory Allegations of this Indictment, as though fully set forth herein.

B. OBJECT OF THE CONSPIRACY

2. In or around May 2001, in Los Angeles County, within the Central District of California, defendant LETHA MONTEMAYOR TUCKER, also known as "Butterfly" ("TUCKER"), and co-conspirator John Doe conspired and agreed with each other to knowingly and intentionally produce child pornography, in violation of Title 18, United States Code, Section 2251(a).

B. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

3. The object of the conspiracy was to be accomplished in substance as set forth in Paragraphs 1(i) through 1(l) of the Introductory Allegations of this Indictment, above.

C. OVERT ACTS

4. In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendant TUCKER committed various overt acts within the Central District of California, including, but not limited to, the acts set forth in Paragraphs 1(i) through 1(l) of the Introductory Allegations of this Indictment, above.

4

## COUNT TWO

[18 U.S.C. §§ 2251(a), (d)]

In or around May 2001, in Los Angeles County, within the Central District of California, defendant LETHA MONTEMAYOR TUCKER, also known as "Butterfly," knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely, victim J.M.M., who was then approximately 12 years old, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT THREE

[18 U.S.C. § 371]

A.  INTRODUCTORY ALLEGATIONS

1. The Grand Jury realleges and incorporates herein by reference the Introductory Allegations of this Indictment, as though fully set forth herein.

B.  OBJECT OF THE CONSPIRACY

2. In or around May 2001, within the Central District of California, defendant LETHA MONTEMAYOR TUCKER, also known as "Butterfly" ("TUCKER"), and conspirator John Doe conspired and agreed with each other, in and affecting interstate commerce, to recruit, entice, harbor, transport, provide, and obtain by any means victim J.M.M., knowing that victim J.M.M. had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(1).

C.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

3. The object of the conspiracy was to be accomplished in substance as set forth in Paragraphs 1(c), 1(e), 1(f), and 1(h) through 1(k) of the Introductory Allegations of this Indictment, above.

D.  OVERT ACTS

4. In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendant TUCKER committed various overt acts within the Central District of California, including, but not limited to, the acts set forth in Paragraphs 1(c), 1(e), 1(f), and 1(h) through 1(k) of the Introductory Allegations of this Indictment, above.

6

COUNT FOUR

[18 U.S.C. §§ 1591(a)(1), (b)(1)]

In or around May 2001, in Los Angeles County, within the Central District of California, defendant LETHA MONTEMAYOR TUCKER, also known as "Butterfly," knowingly, in and affecting interstate commerce, did recruit, entice, harbor, transport, provide, and obtain by any means victim J.M.M., knowing disregard of the fact that victim J.M.M. had not attained the age of 18 years and would be caused to engage in a commercial sex act. At the time of this offense, victim J.M.M. had not attained the age of 14 years old.

A TRUE BILL

/S/
_____
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

[signature]

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

ELIZABETH R. YANG
Assistant United States Attorney
Chief, Violent and Organized Crime Section

JOEY L. BLANCH
Assistant United States Attorney
Deputy Chief, Violent and Organized Crime Section

7